## Poconos Memorial Post Hall Assn. v.
## Mt. Pocono Borough

*Peter J. O'Brien*, for condemnor.
*John J. Byrne*, for condemnee.

WILLIAMS, *P. J.*, May 7, 1975—Defendant appropriated property of plaintiff situate in the

Borough of Mount Pocono by filing a declaration of taking on May 8, 1974. Viewers were appointed to assess damages on November 4, 1974, upon petition by plaintiff.

Preliminary objections were taken to the appointment which raise two issues:

1. May a nonprofit corporation reject or accept an offer of compensation for condemnation of all of its corporate real estate without a vote of its members?

2. Is real estate owned by a nonprofit corporation subject to taxation if not utilized for tax-exempt purposes?

## ISSUE NO. 1

The answer to this question depends upon the bylaws and articles of incorporation of the particular nonprofit corporation involved. The bylaws of the plaintiff corporation provide: "the government and management of this corporation, is entrusted to the Board of Directors." The articles of incorporation provide: "the affairs of the corporation shall be under the management and control of a board of five directors who shall be elected among the members."

The key words are "government" and "control." According to Websters New Twentieth Century Dictionary (2d Ed.) government means: "1(a) the exercise of authority over an organization. . . . 2(a) a system of ruling and controlling, etc."

According to Black's Law Dictionary, government means: "The regulation, restraint, supervision, or control which is exercised upon the individual members of an organized jural society by

those vested with authority; or the act of exercising supreme political power or control."

"To control a thing is to have the right to exercise a directing or governing influence over it." Trust Company of New Jersey v. Greenwood Cemetery, 32 A. 2d 519, 523 (1943).

We conclude that the board of directors did not transgress its authority in rejecting the settlement offer but acted within the scope of its powers under the bylaws and articles of incorporation of the condemnee.

## ISSUE NO. 2

Condemnee was granted tax exemption on January 12, 1960, which resulted in the removal of its real estate from the taxable property assessment list since that date. Condemnor fears that condemnee's real estate may not have been used for purposes which warrant tax exemption and for that reason taxes for a period of years may be assessed retroactively. See, however, Urban Re-Development Condemnation Case, 406 Pa. 6, 178 A. 2d 149 (1961).

Condemnor has a proper concern about the issues here raised since, under the Eminent Domain Code of June 22, 1964, P.L. 84, art. 5, sec. 521, as amended, 26 P.S. §1-521, it has the obligation to properly distribute the damages due the condemnee. As trustee of the public funds of the municipality, the borough council is responsibly seeking to avoid liability both for paying damages through unauthorized acts of the board of directors of the condemnee, or being required to pay tax liens which may be hereafter created. It has a right to be protected against such possibilities.

We think the appropriate action of this court is to dismiss the present preliminary objections and suggest it would be appropriate for condemnor to invoke the provisions of 26 P.S. §1-521 to protect itself against liability beyond the compensatory damages which may ultimately be awarded condemnee. That section of the Eminent Domain Code provides inter alia:

"If the Condemnor is unable to determine proper distribution of damages, it may, without payment into Court, petition the Court to distribute the damages and shall furnish the Court with a schedule of proposed distribution." The court will fix a hearing date on the petition and require notice of the time, place and purpose of the hearing to be given to each member of the condemnee. Such a procedure will protect both the interests of the condemnor and the members of the condemnee corporation. To further protect the membership of the condemnee corporation, we will direct that the board of viewers give written notice by ordinary mail to each member of the condemnee corporation whose name and address appears in condemnee's answer to interrogatories of the time and place of holding of the viewers' hearing to determine damages.

## ORDER

And now, May 7, 1975, the preliminary objections are dismissed. The board of viewers is directed, in addition to all other notices of hearing required by law, to give written notice of said hearing, by ordinary mail, to members of the condemnee corporation whose names and addresses appear in condemnee's answer to condemnor's interrogatories.